UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
OVERNIGHT, LLC,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:   Case No.:  10-9564 (BSJ)
　　　-against-　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
AARON KAUFMAN　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　　　　　　　:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR DEFAULT JUDGMENT

Plaintiff Overnight LLC ("Overnight" or "Plaintiff") initiated this action against the defendant, Aaron Kaufman ("Kaufman" or "Defendant") alleging breach of contract, breach of fiduciary duty, and misappropriation of corporate opportunity.  Defendant has evaded service and, after Plaintiff was able to successfully serve Defendant by substituted service at his business and by mailing to his home address, Defendant has defaulted by failing to plead an answer or to otherwise defend this action.  By this motion pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this Court enter default judgment against Defendant.

### BACKGROUND

On December 23, 2010, Plaintiff filed a complaint and summons before this Court alleging that Defendant breached his contract, breached his fiduciary duty, and misappropriated corporate opportunity, causing over $10 million dollars of damages to Plaintiff.  *See* Affirmation of Robert B. Bernstein ("Bernstein Aff."), Exh. 1 ("Compl.").

Plaintiff, an independent motion picture production company with its principal place of business in New York, hired Defendant to serve as President and Chief Operating Officer.

1

Defendant misrepresented his knowledge, skill, and experience, pretending to be knowledgeable about the financing of motion pictures when he was not, securing financing by obtaining loans without consent on criminally usurious terms and giving away, again without consent, valuable guaranteed producer fees, credits, and other compensation owed to Plaintiff.  Further, instead of fulfilling his contractual obligations for Overnight's movies such as "Black Swan," Kaufman elected to pursue personal business ventures in competition with Plaintiff, utilizing Overnight's own personal relationships with other business persons.  Kaufman even solicited Overnight's own employees to join him in this personal venture.  Defendant's actions has cost Plaintiff millions of dollars in lost revenues, lost opportunities, loss to reputation, and other losses.

Defendant was served a copy of the summons and complaint by substituted service on January 14, 2011, and by mail to his home address on January 25, 2011.  *See* Bernstein Aff. Exh. 3.  As of the date of this motion, Defendant has failed to plead or otherwise respond even though the deadline for doing so has long passed.

## **LEGAL ARGUMENT**

Federal Rule of Civil Procedure 55(b)(2) permits a district court to enter a default judgment when a party has failed to plead or otherwise defend an action.  "[D]efault is an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).  Courts regularly enter default judgment against defendants like Kaufman who have been served with the complaint and summons yet fail to timely answer or otherwise respond.  *See*, *e.g.*, *Dux Interiors, Inc. v. Dyevich*, No. 08-1418, 2008 WL 5244468 (2d Cir. Dec. 17, 2008) (denying motion to vacate default judgment entered for failure to answer complaint).

The conditions set forth for the entry of default judgment are satisfied in this case. First, Defendant does not belong to any category of persons entitled to heightened protection under Rule 55(b)(2). Kaufman is not an infant, is not in the military, and is not an incompetent person. *See* Bernstein Aff.; Fed. R. Civ. P. 55(b)(2). Second, Plaintiff has complied with notice requirements by properly serving Defendant in this case. *See* Bernstein Aff. Exh. 3. Finally, on March 7, 2011, the Clerk of the Court certified, pursuant to Federal Rule of Civil Procedure 55(a) and Loc. Civ. Rule 55.1, that Defendant has defaulted. *See* Bernstein Aff. Exh. 2. Accordingly, Plaintiff is entitled to a judgment against Defendant on the claims pled in its complaint.

A defendant's default requires that this Court accept as true the well-pled allegations of the complaint that pertain to liability. *See*, *e.g.*, *Finkel v. Romanowicz*, 577 F.3d 79, 81 n.1 (2d Cir. 2009); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Plaintiff's complaint sets forth detailed facts that, taken as true, conclusively establish Defendant's liability as to Plaintiff's claims:

- Defendant breached his Employment Agreement and Proprietary Information and Invention Agreement with Plaintiff by misappropriating confidential business relationships and working on business ventures in competition with Plaintiff while allegedly devoting his time exclusively to working with Plaintiff. Compl. ¶¶ 1-31.

- Defendant, serving as President and Chief Operating Officer of Overnight, breached the fiduciary duty that he owed to Plaintiff when he committed Overnight to criminally usurious financing deals, giving away valuable producer

fees, credits and percentage shares of film proceeds in order to secure even more criminally usurious financing deals.  *See* Compl. ¶¶ 1-34.

- Defendant misappropriated Plaintiff's corporate opportunities by directly and indirectly exploiting Plaintiff's relationships—while employed by Plaintiff—in order to develop his own motion picture production company to compete with Plaintiff.  *See* Compl. ¶¶ 1-39.

While a default judgment in an action establishes liability, it is not a concession of damages. *See*, *e.g.*, *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  Generally, where, as here, the amount of damages is not liquidated or susceptible to easy mathematical computation, the amount is established through a post-default inquest.  *Id.*  Such an inquest would be appropriate so that Plaintiff may have an opportunity to determine the amount of damages and attorneys fees as requested in its complaint.  In conducting an inquest, a court need not hold a hearing "as long as it ensured that there was a basis for the damages specified in the default judgment."  *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997).  A court may rely on detailed affidavits or documentary evidence in evaluating the fairness of the sum requested.  *See Fustok v. ContiCommodity Servs, Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court enter default judgment pursuant to Rule 55(b)(2).


Dated:  March 7, 2011
      New York, New York

                        By:  /S/ Robert Bernstein
                              Robert Bernstein
                              Vandenberg & Feliu, LLP
                              60 East 42nd St., 51st Floor
                              New York, NY  10165
                              (212) 763-6800
                              *Counsel for Overnight, LLC*